UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

---

ALANNA ELLIOT, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

GETRELIEFRX, INC.

    Defendant.

---

Case No.: 2:25-cv-11790-TGB-APP

## **DEFENDANT'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant, Get Relief RX, LLC, incorrectly named as Getreliefrx, Inc. ("Defendant") by and through its undersigned counsel, Lippes Mathias LLP, hereby submits this Answer with Affirmative Defenses to the Complaint filed by Plaintiff Alanna Elliot ("Plaintiff"), stating as follows:

### **NATURE OF THIS ACTION**

1. Defendant admits that Plaintiff filed a lawsuit alleging violations of the TCPA; however, Defendant denies that it has violated the same.

2. Defendant denies each and every allegation contained in Paragraph 2.

### **JURISDICTION AND VENUE**

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 3.

4.	The allegations in Paragraph 4 constitute conclusion of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 4.

5.	The allegations in Paragraph 5 constitute conclusion of law, to which no response is required. To the extent a response is required, Defendant denies each and every allegation in Paragraph 5.

## PARTIES

6.	Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 6, and therefore, it denies same.

7.	Denied. Defendant is a limited liability company with its principal place of business in Missoula County, Montana.

## FACTUAL ALLEGATIONS

8.	Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, it denies the same.

9.	Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, it denies the same.

10.	Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

11.	Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12.	Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, it denies the same.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 17; therefore, it denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 18; therefore, it denies the same.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 19; therefore, it denies the same.

20. Defendant denies each and every allegation contained in paragraph 20.

21. Defendant denies each and every allegation contained in paragraph 21.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 22; therefore, it denies the same.

## CLASS ACTION ALLEGATIONS

23. Defendant admits Plaintiff brings this matter as a proposed class action. Defendant denies a class action is appropriate in this matter.

24. Defendant admits Plaintiff brings this matter as a proposed class action. Defendant denies a class action is appropriate in this matter.

25. Defendant denies Paragraph 25 and further denies that a class action is appropriate in this matter.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 26; therefore, it denies the same.

27. Defendant denies Paragraph 27 and further denies that a class is appropriate in this matter.

28. Defendant denies Paragraph 28 and further denies that a class is appropriate in this matter.

29. Defendant denies Paragraph 29 and further denies that a class is appropriate in this matter.

30. Defendant denies each and every allegation in Paragraph 30.

31. Defendant denies Paragraph 31 and further denies that a class is appropriate in this matter.

32. Defendant denies Paragraph 32 and further denies that a class action is appropriate in this matter.

33. Defendant denies Paragraph 33 and further denies that a class is appropriate in this matter.

34. Defendant denies Paragraph 34 and further denies that a class is appropriate in this matter.

35. Defendant denies Paragraph 35 and further denies that a class is appropriate in this matter.

36. Defendant denies Paragraph 36 and further denies that a class is appropriate in this matter.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 37; therefore, it denies the same.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of Paragraph 38; therefore, it denies the same.

39. Defendant denies Paragraph 39 and further denies that a class is appropriate in this matter.

40. Defendant denies Paragraph 40 and further denies that a class is appropriate in this matter Defendant denies each and every allegation in Paragraph 40.

41. Defendant denies Paragraph 41 and its subparts and further denies that a class is appropriate in this matter.

42. Defendant denies Paragraph 42 and further denies that a class is appropriate in this matter.

43. Defendant denies Paragraph 43 and further denies that a class is appropriate in this matter.

44. Defendant denies Paragraph 44 and further denies that a class is appropriate in this matter.

45. Defendant denies Paragraph 45 and further denies that a class is appropriate in this matter.

46. Defendant denies Paragraph 46 and further denies that a class is appropriate in this matter.

47. Defendant denies Paragraph 47 and further denies that a class is appropriate in this matter.

48. Defendant denies Paragraph 48 and further denies that a class is appropriate in this matter.

49. Defendant denies Paragraph 49 and further denies that a class is appropriate in this matter.

50. Defendant denies Paragraph 50 and further denies that a class is appropriate in this matter.

## COUNT 1
### Violations of 47 U.S.C. § 227(c)(5)

51. Defendant reincorporates the previous paragraphs as fully set out herein.

52. The TCPA speaks for itself, and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 52.

53. The TCPA speaks for itself, and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 53.

54. The TCPA speaks for itself, and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 54.

55. The TCPA speaks for itself, and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 55.

56. The TCPA speaks for itself, and no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 56.

57. Defendant denies each and every allegation in Paragraph 57.

58. Defendant denies each and every allegation in Paragraph 58.

59. Defendant denies each and every allegation in Paragraph 59.

**FIRST AFFIRMATIVE DEFENSE**

60.     The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

61.     Plaintiff failed to mitigate her damages.

**THIRD AFFIRMATIVE DEFENSE**

62.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

63.     Plaintiff's claims may be precluded, in whole or part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant had no control or authority.

**FIFTH AFFIRMATIVE DEFENSE**

64.     Plaintiff's claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

**SIXTH AFFIRMATIVE DEFENSE**

65.     Defendant had prior express written consent for the conduct alleged in the Complaint.

WHEREFORE, Defendant Get Relief RX, LLC, respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together for such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED:     July 14, 2025

                                **LIPPES MATHIAS LLP**

                                /s Brendan H. Little
                                Brendan H. Little, Esq.
                                Attorneys for Defendant
                                50 Fountain Plaza, Suite 1700
                                Buffalo, NY 14202
                                P: 716-853-5100
                                F: 716-853-5199
                                E: blittle@lippes.com