# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ALANNA ELLIOT, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GETRELIEFRX, INC.<br><br>    Defendant. | Case No. 2:25-cv-11790 |

## JOINT DISCOVERY PLAN/CASE MANAGEMENT ORDER

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's July 31, 2025 Order (ECF No. 5), counsel for the parties submit the following discovery plan.

1. **Statement of the Case**:

Plaintiff's Statement of the Case: Plaintiff Alanna Elliot ("Plaintiff" or "Ms. Elliot") took the affirmative step of registering her telephone number on the National Do Not Call Registry, which is designed to prevent the receipt of unwanted telemarketing calls. Despite her registration, the defendant Getreliefrx, Inc. ("Getreliefrx" or "Defendant") placed telemarketing call text messages to her residential cellular telephone number. Based on the generic, automated and unsolicited nature of the communications the Plaintiff has sought to represent the following putative class:

> All persons throughout the United States (1) who did not provide their telephone number to Getreliefrx, Inc., (2) to whom Getreliefrx, Inc. delivered, or caused to be delivered, more than one voice message or text message within a 12-month period, promoting Getreliefrx, Inc. goods or services, (3) where the person's residential or cellular telephone number had been registered with the National Do Not Call Registry for at least thirty days before Getreliefrx, Inc. delivered, or caused to be delivered, at least two of the voice messages or text messages within the 12-month period, (4) within four years preceding the date of this complaint and through the date of class certification.

<u>Defendant's Statement of the Case</u>: Defendant denies the factual allegations in the Complaint or that it violated the Telephone Consumer Protection Act or any other state or federal law alleged in the Complaint. Defendant further denies that this matter can be certified as a class.

2. **Principal Factual and Legal Issues**

   - Whether the calls constitute telemarketing;
   - Whether the Defendant had prior express written consent under the TCPA;
   - Whether the Plaintiff can satisfy Fed. R. Civ. P. 23;
   - Plaintiff's alleged damages

3. **Case Schedule**

The parties propose the following case schedule:

| EVENT | DEADLINE |
| --- | --- |
| Exchange of Initial Disclosures under Fed. R. Civ. P 26(a)(1) | August 19, 2025 |
| Deadline for Amendments to Pleadings and Joinder of Parties | January 2, 2026 |
| Parties' Expert Disclosure | May 4, 2026 |
| Deadline for Expert Depositions | June 1, 2026 |
| Rebuttal Expert Reports | June 22, 2026 |
| All Discovery Ends | July 24, 2026 |
| Deadline for facilitation notification | July 24, 2026 |
| Deadline for submission of Plaintiff's motion for class certification | August 17, 2026 |
| Deadline for submission of Defendant's motion for summary judgment | August 24, 2026 |
| Rule 16 Conference to Discuss Remaining Case Schedule and Set a Trial Date | Set at the Court's Discretion Following a Decision on Class Certification and/or Summary Judgment |

4. **Discovery**:

Pursuant to Federal Rule of Civil Procedure 26(f)(3)(B), the parties have commenced discovery on the claims and defenses at issue.

Plaintiff anticipates seeking from parties and non-parties written and oral discovery including but not limited to (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing; (3) ESI related to any purported consent to receive calls; (4) ESI regarding the dialing systems used to make the calls at issue; (5) contracts and other documents relating to the relationships among Defendant their third-party affiliates and/or other entities and individuals involved in generating purported leads to receive the telemarketing calls at issue; (6) Defendant's policies and procedures concerning TCPA compliance; and (7) telemarketing complaints received by Defendant and their responses thereto.

Defendant anticipates propounding written discovery in the form of interrogatories, requests for admission, and requests for production of documents, including relevant ESI related to Plaintiff's federal claims relating to alleged violations of the TCPA. More specifically, Defendant will seek discovery related to the communications at issue, consent, and Plaintiff's actual damages. Defendant also anticipates conducting oral depositions of Plaintiff, Plaintiff's experts, and any third party witnesses identified as relevant through discovery. Defendant anticipates requesting from Plaintiff all relevant documents, including ESI, related to Plaintiff's communications with all parties and non-parties related to this case, and damages.

5. **Assertion of Claims of Privilege or Work-Product Immunity After Production**:

The parties do not anticipate any issues regarding claims of privilege or of work product

protection. The Parties intend to submit a proposed protective order within 30 days that will address claw back of any privileged or trial preparation materials under FRE 502(d) and the labeling and handling of any confidential, proprietary and/or financial information.

6. **Alternative Dispute Resolution**:

The parties acknowledge that if they attend a private mediation, they will provide the Court with the mediator's contact information along with the date of the mediation in advance. The parties also acknowledge that the Court reserves the right under Local Rule 16 to order alternative dispute resolution, and recommend that this case be submitted to the following method(s) of alternative dispute resolution:

The parties believe that private mediation may be appropriate as this case proceeds and do not seek a referral for a settlement conference.

7. **Jury or Non-Jury**:

This case is to be tried before a jury because Plaintiff timely demanded a jury trial. The parties will submit their proposed Jury Instructions 28 days before the final pretrial conference.

8. **Length of Trial**:

Counsel estimate the trial will last approximately 6 days total, lasting from 8:30 a.m. to 2:00 p.m. each day, allocated as follows:

- 3 days for Plaintiff's case
- 3 days for Defendant's case

Dated: August 20, 2025

| **PARONICH LAW, P.C.** | **LIPPES MATHIAS LLP** |
|---|---|
| */s/ Anthony I. Paronich* | */s Brendan H. Little* |
| Anthony I. Paronich, Esq. | Brendan H. Little, Esq. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 350 Lincoln Street, Suite 2400 | 50 Fountain Plaza, Suite 1700 |
| Hingham, MA 02043 | Buffalo, NY 14202 |
| P: 508-221-1510 | P: 716-853-5100 |
| E: anthony@paronichlaw.com | F: 716-853-5199 |
| | E: blittle@lippes.com |