## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| ALANNA ELLIOT, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GETRELIEFRX, INC.<br><br>    Defendant. | Case No. 2:25-cv-11790-TGB-APP |

## **JOINT MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER**

COME NOW THE Defendant, Get Relief RX, LLC, incorrectly named as Getreliefrx, Inc. ("Defendant") and the Plaintiff, Alanna Elliot ("Plaintiff"), state as follows for their Joint Motion for Entry of a Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1):

1. Discovery in this case may require the parties to exchange confidential and proprietary business information, the public disclosure of which is likely to result in unfair advantage or financial loss as well as confidential information regarding non-parties;

2. The parties have conferred, and each agrees that the entry of a Protective Order requiring that confidential and proprietary business information be maintained in confidence is desirable;

3. The parties have agreed to the terms of a Protective Order as reflected in **Exhibit A** hereto;

WHEREFORE, Defendant, Get Relief RX, LLC and Plaintiff, Alanna Elliot pray that their Joint Motion for Entry of a Protective Order be granted and that the Protective Order attached hereto as Exhibit A be entered.

Dated: October 17, 2025

| **PARONICH LAW, P.C.** | **LIPPES MATHIAS LLP** |
|---|---|
| /s Anthony I. Paronich | /s Brendan H. Little |
| Anthony I. Paronich, Esq. | Brendan H. Little, Esq. |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 350 Lincoln Street, Suite 2400 | 50 Fountain Plaza, Suite 1700 |
| Hingham, MA 02043 | Buffalo, NY 14202 |
| P: 508-221-1510 | P: 716-853-5100 |
| E: anthony@paronichlaw.com | F: 716-853-5199 |
| | E: blittle@lippes.com |

# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ALANNA ELLIOT, individually, and on
behalf of all others similarly situated,

    Plaintiff,

Case No.: 2:25-cv-11790-TGB-APP

v.

GETRELIEFRX, INC.

    Defendant.

## **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Alanna Elliot ("Plaintiff") and Get Relief RX, LLC, incorrectly named as Getreliefrx, Inc. ("Defendant"), and in accordance with E.D. Mich. LR 5.3 and this Court's Local Rules, through their respective attorneys of record, as follows:

WHEREAS, documents, testimony and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential applicant or employee information, confidential commercial information, confidential research and development, or other proprietary information belonging to Defendants and / or credit and other confidential information of Plaintiff and third parties whose information may be disclosed during the discovery process.

**THEREFORE**, this Court orders as follows:

1.    This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action that are designated to be subject to this Order.

2. Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party or by any other party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial, and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL." Such documents, transcripts, or other materials are referred herein as "CONFIDENTIAL MATERIALS."

3. A party wishing to designate portions of a deposition transcript CONFIDENTIAL pursuant to this Order must, within 2 business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript CONFIDENTIAL, in accordance with paragraph 2 of this Order. The designating party shall designate such CONFIDENTIAL MATERIAL either on the record or by serving upon all counsel of record, via facsimile or other electronic transmission, a Notice setting forth the page, line numbers, and designation. The designating party must serve such Notice within 14 calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the 14-day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

4. All CONFIDENTIAL MATERIALS, and all information derived therefrom (including, but not limited to, all testimony, deposition or otherwise, that refers, reflects, or

otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

5. The Parties agree that CONFIDENTIAL MATERIALS produced in discovery in this case shall not be used, be required to be produced or admissible, in whole or in part, in any other legal or administrative proceedings.

6. Subject to paragraph 9, in the absence of prior written permission from the designating party or an order by the Court, CONFIDENTIAL MATERIALS shall not be disclosed to any person other than: (i) the parties and their attorneys and support staff employees who perform work tasks related to this case; (ii) qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; (iii) disclosed experts and their staff employed for this litigation; except that a party may disclose its own CONFIDENTIAL MATERIALS to an expert who may not be identified as a testifying expert; (iv) present or former employees of the producing party in connection with their depositions in this action, including witness produced pursuant to Fed. R. Civ. P. 30(b)(6); (v) witnesses who are deposed in this action or who are called to testify as witnesses at any hearing in this action, but only in preparation for the deposition or hearing and only as to such material in which the witness is identified as an originator, author, addressee, or recipient of the original or a copy; and (vi) the Court, Court personnel, and members of any jury impaneled to hear this case.

7. Subject to paragraph 9, CONFIDENTIAL MATERIALS shall not be disclosed to any person designated in paragraph 6(iii) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such CONFIDENTIAL MATERIALS to

anyone, and agreed to utilize such CONFIDENTIAL MATERIALS solely for the purposes of this litigation. All persons to whom CONFIDENTIAL MATERIALS are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same, except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such CONFIDENTIAL MATERIALS.

8. No person receiving or reviewing CONFIDENTIAL MATERIALS shall disseminate or disclose them to any person other than those described above in paragraphs 6 and 7.

9. In the event that any party disagrees with any designation made under this Order, that party shall bring it to the attention of the designating party within a reasonable time after discovering their disagreement. The parties shall first attempt in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the receiving party shall notify the designating party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. The designating party shall have the right to move the Court to retain the designation of such materials. If the designating party files such a motion within the fifteen (15) day period, the receiving party shall continue to retain the materials as CONFIDENTIAL consistent with the designating party's designation, until the Court has ruled on the designating party's motion.

10. Subject to paragraph 9, any party seeking to file Confidential Materials with the Court must contact the designating party (5) days prior to such filing to: (i) provide the designating party with notice that it seeks to file Confidential Materials with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the Confidential Materials can be filed with the Court.  In the event no agreement is reached for the filing of a redacted version, the party seeking to file such CONFIDENTIAL MATERIALS shall file such material in accordance with Local Civil Rule 5.2(H).  The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the Local Rules.

11. Subject to paragraph 9, within sixty (60) days after the conclusion of this case, upon request by the designating party, the receiving party shall assemble and return to the designating party all materials containing information designated in accordance with paragraph 2 above.  The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, compilations, notes, or other attorney work product, have been destroyed.

12. The inadvertent or unintentional disclosure of CONFIDENTIAL MATERIALS by a producing party of information subject to a claim of attorney-client privilege or work product immunity shall not be deemed a waiver in whole or in part of the party's claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter.  If a party has inadvertently produced information subject to a claim of privilege or immunity, the receiving party, upon request, or, on its own initiative at such time as the receiving party reasonably and in good faith believes itself to be in possession of inadvertently produced materials subject to a claim of privilege or immunity, whichever occurs first, shall promptly return the inadvertently produced materials, and all copies

of those materials that may have been made and any notes regarding those materials shall be destroyed. The party returning such information may move the Court for an order compelling production.

13. Nothing in this Protective Order shall be construed to prevent a party or a nonparty from seeking such further provisions regarding confidentiality as may be appropriate or from seeking an amendment or modification of the existing terms of this Protective Order upon proper notice, motion, and showing.

14. Nothing in this Protective Order shall be deemed a waiver by a party of any objections that might be raised as to the relevance or admissibility at trial of evidentiary materials.

15. Except as to documents filed with the Court, this Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgment attached as Exhibit A agrees to be subject to the jurisdiction of this Court for purposes of this Order.

16. This Order does not prevent any party from seeking to seal trial transcripts and / or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to the local rules.

17. Neither the entry of this Order, nor the designation of any material as CONFIDENTIAL, nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as CONFIDENTIAL does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

18. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this Order.

19. The Court may impose appropriate sanctions for the disclosure of Confidential Information in violation of this Protective Order or for the improper designation of documents or testimony pursuant to this Protective Order.

Dated: October 2, 2024.

/s/ Anthony I. Paronich
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Counsel for Plaintiff*

Dated: October 2, 2024

/s/ Brendan H. Little
Brendan H. Little
LIPPES MATHIAS LLP
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
716-853-5100
blittle@lippes.com

*Counsel for Defendant*

**IT IS SO ORDERED.**

Dated: _____, \_\_, \_\_\_\_  /s/
HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____

ALANNA ELLIOT, individually, and on
behalf of all others similarly situated,

      Plaintiff,                                    Case No.: 2:25-cv-11790-TGB-APP

v.

GETRELIEFRX, INC.

      Defendant.

_____

**DECLARATION PURSUANT TO STIPULATED PROTECTIVE ORDER**

      I, _____, being duly sworn, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

      I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I have carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

      I will comply with all of the provisions of the Protective Order.  I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order.  I will not use any Confidential Material disclosed to me for any purposes other than this case.

      I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

I hereby submit to the jurisdiction of the Court for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____